## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-400-D |
| ) | |
| SALVADOR HERNANDEZ ) | |
| HERNANDEZ, and ) | |
| BRADLEY WAYNE CONDITT ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Defendants Salvador Hernandez Hernandez and Bradley Wayne Conditt's Joint Unopposed Motion to Continue Their Jury Trials and Extend Pre-Trial Motion Deadlines [Doc. No. 44]. Defendants seek a continuance of their trials from the December, 2025 to the February, 2026 trial docket and to continue their existing pre-trial motion deadlines. Defendants have each submitted a Waiver of Right to Speedy Trial [Doc. Nos. 43 & 47], acknowledging their rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay. The government does not object to Defendants' request.

Upon consideration of the Motion, the Court finds that the ends of justice served by granting a two-month continuance outweigh the best interest of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the Motion that denying Defendants'

1

request would deprive them of a reasonable amount of time needed for further effective investigation, motion practice, and trial preparation, taking into account the exercise of due diligence by their counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the Motion would likely deprive Defendants of effective representation of counsel and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuances are fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit the continuances pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of Defendants' Motion is excludable for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion [Doc. No. 44] is **GRANTED**. This case is stricken from the December 2, 2025 trial docket and reset on the Court's February 10, 2026 trial docket.

**IT IS FURTHER ORDERED** that the parties shall file all pre-trial motions on or before January 12, 2026.

**IT IS SO ORDERED** this 21st day of November, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

2