IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-25-400-D |
| | ) |
| SALVADOR HERNANDEZ HERNANDEZ, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is Defendant Salvador Hernandez Hernandez's Second Unopposed Motion to Continue Jury Trial and Extend Pre-Trial Motion Deadlines [Doc. No. 62]. Defendant seeks a continuance of his trial from the February, 2026 to the April, 2026 trial docket and to continue the existing pre-trial motion deadlines. Defendant has submitted a Waiver of Right to Speedy Trial [Doc. No. 66], acknowledging his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.

Upon consideration of the Motion, the Court finds that the ends of justice served by granting a two-month continuance outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the Motion that denying Defendant's request would deprive him of a reasonable amount of time needed for further effective investigation, motion practice, and trial preparation, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances,

denying the Motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of Defendant's Motion is excludable for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendant's Second Unopposed Motion [Doc. No. 62] is **GRANTED**. This case is stricken from the February 10, 2026 trial docket and reset on the Court's April 2026 trial docket.

**IT IS FURTHER ORDERED** that all pretrial motions pursuant to LCrR12.1 and motions in limine shall be filed on or before March 13, 2026, with responses due on March 20, 2026. Requested jury instructions and voir dire shall be filed by March 27, 2026, with objections due April 3, 2026.

**IT IS SO ORDERED** this 4th day of February, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge